UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARK RUBENSTEIN,<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>PUREBASE CORP.,<br><br>　　　　　　Nominal Defendant,<br><br>　　and<br><br>ARTHUR SCOTT DOCKTER,<br><br>　　　　　　Defendant. | Case No. __23-CV-17__<br><br>**COMPLAINT<br>FOR RECOVERY OF<br>SHORT SWING PROFITS<br>UNDER 15 U.S.C. § 78p(b)**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Mark Rubenstein ("Plaintiff"), by his undersigned attorneys, as and for his Complaint herein, respectfully alleges as follows on knowledge as to himself and his own acts and on information and belief as to all other matters:

**NATURE OF ACTION**

1.　This is an action to recover "short-swing" profits under Section 16(b) of the Securities Exchange Act of 1934, as amended (the "Act"), 15 U.S.C. § 78p(b).

2.　Section 16(b) is a strict liability statute. A plaintiff must prove only that the defendant was an insider of a public company who profited from the purchase and sale of the company's stock or derivative securities within a period of less than six months. Evidence of the defendant's intent, misuse of information, or bad faith is irrelevant and not required. Section 16(b) is not punitive, and insiders are simply required to disgorge profits realized in violation of the Act.

3.　Defendant Arthur Scott Dockter ("Defendant," or "Dockter") is the CEO and a statutory "insider" of Nominal Defendant Purebase Corp. ("Purebase," or the "Company"). Dockter profited from purchases and sales of Purebase securities within periods of less than six

months, and he is strictly required to return the profits realized from his so-called "short swing" trading to Purebase.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to Section 27 of the Act, 15 U.S.C. § 78aa.

5. Venue is proper in this Court pursuant to Section 27 of the Act, 15 U.S.C. § 78aa. At all times relevant, the common stock of Purebase was traded under ticker symbol: PUBC on "over the counter" (so-called "pink sheets") exchanges headquartered and located within this District. The transfer agent responsible for effecting the transfer of Company shares in connection with one or more of Defendant's purchases or sales alleged to give rise to liability was located and headquartered within the District.

## THE PARTIES

6. Plaintiff Mark Rubenstein is a Rhode Island resident and a shareholder of Purebase.

7. Nominal Defendant Purebase Corp. is a Nevada corporation with principal offices at 8631 State Highway 124 P.O. Box #757, Ione California 95640. This action is brought in the right and for the benefit of Purebase, which is named as Nominal Defendant solely in order to have all necessary parties before the Court.

8. Defendant Arthur Scott Dockter is the CEO and President of the Board of Directors of Purebase. Upon information and belief, Dockter resides at 3090 Boeing Road, Cameron Park California 95682 and may be found there, and/or at his offices at Purebase Corp. at the address indicated above.

## STATUTORY REQUISITES

9.  At all relevant times, the common stock of Purebase was registered pursuant to Section 12(g) of the Act, 15 U.S.C. § 78*l*(g).

10. At all relevant times, Dockter was a statutory "insider" subject to Section 16 of the Act. Dockter was (and currently is) the CEO and President of the Board of Directors of Purebase and he was (and is) also a beneficial owner of more than 10% of Purebase outstanding common stock.

11. Demand for prosecution was made on Purebase by email sent by Plaintiff's counsel on August 23, 2022, and August 24, 2022. As of the date of filing of this Complaint, Purebase has failed to adequately investigate Dockter's reported transactions and has not recovered any short swing profits owed by Dockter.

12. This action is brought within two years of the occurrence of the violations described herein or within two years of the time the transactions violating Section 16(b) were reported as required by Section 16(a) of the Act.

## BACKGROUND

**Dockter's Reported Trading in Violation of Section 16(b) of the Securities Exchange Act**

13. On August 22, 2022, Dockter filed a **Form 4 -- Report of Beneficial Ownership** with the SEC, which is attached as **Exhibit A** to this Complaint.

14. Dockter's Form 4 reported the following transactions, which are in violation of Section 16(b):

15. On or about February 22, 2022, Dockter reportedly **sold** a total of 1,400,000 Purebase shares by transferring the shares to an unidentified third party in exchange for a loan by

the "third party" to Dockter. The amount and terms of the loan were not disclosed by Dockter and will need to be discovered.

16. On February 22, 2022, the closing trading price of PUBC was $0.45 per share.

17. On or about June 17, 2022, Dockter reportedly **sold** a total of 500,000 shares by transferring the shares to an unidentified third party in exchange for a loan by the "third party" to Dockter. The amount and terms of the loan were not disclosed by Dockter and will need to be discovered.

18. On June 17, 2022, the closing trading price of PUBC was $0.23 per share.

19. On or about July 7, 2022, U.S. Mine Corporation, an entity over which Dockter exercises investment control and in which Dockter reported a 33% ownership interest, **purchased** a total of 17,020,749 shares at a reported price of $0.09 per share.

20. On or about August 10, 2022, Dockter reportedly **sold** a total of 1,000,000 Purebase shares by transferring the shares to an unidentified third party in exchange for a loan by the "third party" to Dockter. The amount and terms of the loan were not disclosed by Dockter and will need to be discovered.

21. On August 10, 2022, the closing trading price of PUBC was $0.24 per share.

## COUNT I

**Short Swing Profits Recoverable Under Section 16(b) of the Securities Exchange Act**

22. Dockter had a direct or indirect pecuniary interest in all of the shares of common stock purchased or sold in the transactions described above.

23. One-third (approximately 33%) of the shares purchased by U.S. Mine Corporation as described at Paragraph 19, which are beneficially owned by Dockter, may be matched against Dockter's sales of shares in connection with loans as described at Paragraphs 15, 17, and 20,

according to the "lowest price in, highest price out" methodology applicable under Section 16(b). Applying this methodology, and ascribing the closing market price of PUBC shares as the price of the shares sold by Dockter on each of the reported sale dates results in approximately $724,000 in short swing profit realized by Dockter. Dockter is strictly strictly required to disgorge these profits to Purebase under Section 16(b).

24. The profits calculated above is an estimate of Dockter's short swing trading liability, and subject to revision following discovery.

## **COUNT II**

25. The Form 4 attached as Exhibit A was filed by Dockter well past the 2-day deadline for reporting transactions as required by Section 16(a). The transactions reported on Exhibit A, which Dockter filed on or about August 22, 2022, include transactions executed between March 22, 2019, and August 10, 2022.

26. In view of Dockter's failure to timely disclose his transactions in Purebase securities, this Count II is a precaution against possible errors of detail attributable to inaccuracies in the public r,ecord or the discovery of additional trades during the course of this action.

27. Dockter, while a director, officer, and/or a more-than-10% beneficial owner of Purebase, and acting during periods not barred by the statute of limitations measured from the date of the filing of this Complaint, purchased and sold (or sold and purchased) equity securities (or equity security equivalents) of Purebase within periods of less than six months, including but not limited to the transactions pleaded in COUNT I.

28. By reason of such purchases and sales (or sales and purchases) of Purebase equity securities (or equity security equivalents) within periods of less than six months, while a statutory

insider of Purebase, Dockter realized profits, the exact amounts thereof being unknown to Plaintiff, which profits inure to the benefit and are recoverable by plaintiff on behalf of Purebase.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury as to all issues so triable.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment:

(a) requiring Defendant Dockter to account for and pay to the Company the short swing profits recoverable from him under the Act, together with appropriate pre- and post-judgment interest and costs of this suit;

(b) awarding to Plaintiff his costs and disbursements including reasonable attorney's, accountant's, and expert witness fees; and

(c) granting such other and further relief as the Court deems just and proper.

Dated:  January 3, 2023

*/s/ Miriam Tauber*                                                */s/ David Lopez*
_____          _____
Miriam Tauber (MT-1979)                            David Lopez (DL-6779)
MIRIAM TAUBER LAW PLLC                       LAW OFFICES OF DAVID LOPEZ
885 Park Ave. #2A                                         P.O. Box 323, 171 Edge of Woods. Rd.
New York NY 10075                                      Southampton NY 11969
(323) 790-4881                                               (631) 287-5520
MiriamTauberLaw@gmail.com               DavidLopezEsq@aol.com

*Attorneys for Plaintiff*